IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEMMONS' ESTATE<br>C/O SAMUEL CLEMMONS<br>P.O. BOX 347<br>BROOKHAVEN, MS 39602<br>PHONE: 866-409-7758<br>    PLAINTIFF<br>vs.<br><br>SHARONLY Y. EVANS<br>AKA: ALLISON S. JOHNSON<br>1334 Old Countryside Circle<br>Stone Mountain, GA 30083-5830<br><br>SHAROLYN Y. EVANS,<br>AKA: ALLISON S. JOHNSON<br>1231 Clairmont Road, # 30-B<br>Decatur, GA 30030-1244<br><br>    DEFENDANT | CIVIL ACTION NO:<br><br>1:06CV01285 |

## PLAINTIFF'S MOTION TO RESPONSE TO COURT'S ORDER

In accordance to the last communication and memorandum & orders now on the docket the Plaintiff moves to response and state claim and rebuttal against order entered on July 9, 2007.

The Plaintiff once again state that no such order was ever mailed out to the Plaintiff on January 25, 2007 giving such instructions. The Plaintiff was not or did not become aware of such case was terminated on February 1, 2007. Immediately upon discovery on May 14, 2007 the Plaintiff filed a motion for leave to file a notice of appeal.

This occurred because the Plaintiff too witnessed other wrongdoing in other cases that are similar in relations to this case.

I (the Plaintiff) have never served any of the Defendants personally and the Court can clearly see that in the record. The Court can clearly see that such service was paid for through a

RECEIVED
AUG 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

third party who is over the age of 18 as required by law and the Federal Rules of Civil Procedures.

I (the Plaintiff) am the primary server of the documents being served upon the processor server. I am not the one who actually served anything upon any Defendant.

If there is a confusion or conflict this matter should have been addressed sometime ago to avoid what we have today. The return of service that I (the Plaintiff) submitted to informed the court that service of the documents has been ignited by me (the Plaintiff) for I (the Plaintiff) am only responsible for serving the copy of the summons and complaint through channels of the United States Postal Service. I (the Plaintiff) have always subcontracted such service to a third party to served the original summons and complaint upon the Defendant(s) rather it may be served by such processor server on him or herself or if necessary by means of the United States Postal Service in an effort to obtain the certified original signature of the Defendant to justify any claims there may be concerning proper and effective service.

If there were an issue to be addressed concerning lack of service or proper service such should have been addressed on September 5, 2006 and not almost a year later. Even upon the Plaintiff's Motion to move and request to Enter Discovery in Support of Plaintiff's Motion Request for Summary Judgment by Default Due to the Defendant's Failures to Obey Court's Instructions Causing Such Defendant to be in Default submitted by the Plaintiff. If there was a genuine issues or concern in relation to lack of service or improper service than immediately 10 to 30 days after such entry into the record the Plaintiff should have received a communication from the Court denying such motion or ordering and instruction the Plaintiff to do what he is doing today after receiving the Court's instructions or Order dated July 9, 2007.

It too should be known and visible on the record that any entry or motion filed over 30 day or more one should or assume that such motion or entry has been granted or accepted in order for the continue flow of court's business without any confusions, mistakes or errors within

Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.

the law or rules. How can one move or continue to move if such motions are not granted in a timely manner?

In this case before the courts the Defendant was served and the courts has such validated signature of the Defendant showing proper receipt from a third party and not the Plaintiff to Quashed any argument claiming that the Plaintiff effected service on the Defendant when the Plaintiff did not. Therefore, Rule 4(c) (2) is now justified as proper service.

The court is correct that the Defendant is not free to ignore proper service. The Defendant is not, however required to response to improper service. The Defendant knows proper service was performed but failed to appear and defend such summons and complaint served upon the Defendant. Therefore the Defendant avoided or attempted to avoid prosecution. The Defendant clearly had his or her date in court and failed to show to defend, justify and prove wrongdoing or harm caused by the Plaintiff.

The Plaintiff withheld discovery intentionally and on purposely to address this issues or argument in due time or if such is or would be needed to be addressed. The Plaintiff has the discovery showing proper service and wish not to enter such into the record or document until such <u>Motion Request to Enter Discovery</u> is GRANTED. Upon receiving such Orders granting Motion Request to Enter Discovery then at that time the Plaintiff will file his final Affidavit or documents showing proper service and request that such filing on date September 18, 2006 [7] be granted as well.

For the record, the Plaintiff files each and every motion request for a reason. This is the Plaintiff own individual movement toward seeking divine but true justice in the courts. The Plaintiff has entered some discovery into the record to certified and justify the initial complaint showing the court and the public that there is a serious problem and these are my reasons for filing such complaint. The Plaintiff hold off on some discovery for certain reasons and at a later date and time the Plaintiff will file again other Motion Request to Enter Discovery so that all

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

Discoveries will be entered and accepted for the record and proper service attached with a sworn affidavit will be the last entry to validate everything into the record. Therefore, these are my (the Plaintiff) reasons and this is my (the Plaintiff) reason for now filing this Motion Request to Enter Discovery to show and validate proper service and upon immediate receipt of such ORDER granting my (the Plaintiff) Motion Request to Enter Discovery. I (the Plaintiff) will enter such Discovery in hope that [3], [4], [5], [6] and [7] will be granted to closed this case or case matter of default.

The Plaintiff paid enormous amount of funds having the Defendant investigated and located. The Plaintiff hired investigators just as the Plaintiff hired in other non-federal cases before this court to properly serve and obtain as much information as possible for the discovery and proper service process. This will be and can be validated when the Motion to Enter Discovery is GRANTED.

The Plaintiff objects to having the Defendant serve again. It should now be the Courts' responsibility to have such person served if needed through and by means of the State of Georgia, et al.

The reason that nowhere in the Plaintiff 7-page motion attacking the Court talking about the Court's January 25, 2007, Order is due to the Plaintiff never received anything from the Court notifying the Plaintiff of these actions performed on the case on January 25, 2007. These cases are heavily being monitored and immediately after receiving anything from the Courts the Plaintiff would have submitted and answer, reply or rebuttal in return in a timely manner. The month of July is the month when the Plaintiff started back receiving communication back from the United States District Court for the District of Columbia in nature to this case.

There is no way we will try to hide or cover up anything in relation to not receiving anything for we are trying to close out all these litigation matters so that we can move on and forward in life. We are not trying to cause intentional hurt or harm upon anyone even though

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

these people or Defendants who are brought before this court has intentionally caused hurt, harm and damage upon the Plaintiff but now feels they don't have to honor or respect anything coming or coming down from the Courts.

The word "we" is directed toward everyone who has assisted and support the Plaintiff while dealing with this case and others.

The Plaintiff continue to express that this is a demand Jury Trial Case, therefore, as mention before the Plaintiff is continuing requesting a Demand Jury Trial according to the Plaintiff or Petitioner's Constitutional rights in accordance with the Due Process of Law.

The Federal Rules of Civil Procedures which are the same rules the presiding judge wish to try to use against the Plaintiff or Petitioner for not being in compliance according to the presiding judge or court's communication filed on July 9, 2007. The Plaintiff or Petitioner preserved such right in accordance with the Federal Rules of Civil Procedures, Rule 38 (a) which states the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statue of the United States shall be preserved to the parties inviolate.

Rule 38 (b) states and express in accordance with a demand jury trial request as the Plaintiff or Petitioner once requested in the very initial stage of these proceeding. Such rule clearly states for the record that any party and it says "any party" may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed so such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party. This is not the first request served upon the Court or the Defendant requesting these rights.

This filing should override any pervious filing and now such trial by jury has to be granted or honored or someone has to take full responsibilities of these violations damages and injuries imposed upon the Plaintiff in accordance with the Federal Rules of Civil Procedures.

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

This case has been fully briefed and still waits such dispositive motion to be granted or denied trial by jury according to the Plaintiff or Petitioner's constitutional rights is the main focus in these proceeding.

**Please note and accept change of address to send any other correspondence in relation to this motion request.**

Respectfully submitted,

*[signature]*

CLEMMONS' ESTATE
C/O SAMUEL CLEMMONS
Attn: C. Owens
P.O. BOX 347
BROOKHAVEN, MS 39602
PHONE: 866-409-7758

<u>See Attachments:</u>
**Continuous Petition for Mandamus**
**Continuous Motion for Disqualification**

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>