Received
Mail Room

AUG 2 7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

~~United States~~ *Clemmons' Estate*
~~District of Columbia Circuit~~ *c/o Samuel Clemmons*
_____
Plaintiff

- SHAROLYN Y. EVANS
 AKA: ALLISION S. JOHNSON
- ROYCE C. LAMBERTH
_____
~~U.S. DISTRICT COURT~~
Defendant

Civil Action No. 1:06CV01285 RCL

## NOTICE OF APPEAL

Notice is hereby given this **15TH** day of **AUGUST**, 20**07**, that **CLEMMONS' ESTATE c/o SAMUEL CLEMMONS** hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the **8TH** day of **AUGUST**, 20**07** in favor of **DEFENDANTS (ROYCE C. LAMBERTH; SHAROLYN Y. EVANS)** against said **PLAINTIFF (CLEMMONS' ESTATE c/o SAMUEL CLEMMONS)**

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

# RECEIVED

AUG 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Received
Mail Room

AUG 27 2007

United States Courts of Appeals
District of Columbia Circuit

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA
"COMPLAINT OF MISCONDUCT AND DISABILITY"

| | |
|---|---|
| CLEMMONS' ESTATE<br>C/O SAMUEL CLEMMONS<br>ATTN: C. OWENS<br>P.O. BOX 347<br>BROOKHAVEN, MS 39602<br>PHONE: 866-409-7758<br><br>Petitioner<br>vs.<br><br>SHAROLYN Y. EVANS<br>(also known as ALLISON S. JOHNSON), et al<br><br>~~U.S. DISTRICT COURT~~<br>~~ROYCE C. LAMBERTH~~<br>Respondent(s) | CIVIL ACTION NO:<br><br>_____<br><br>07-22<br><br>1:06CV01285 |

**PLAINTIFF'S PETITION AGAINST DISMISSAL OF COMPLAINT IN ACCORDANCE WITH RULE 6**

Come now the Plaintiff or Petitioner files this petition against dismissal of complaint in accordance with Rule 6 concerning complaint of Judicial Misconduct or Disability. This notice is received in a timely manner which is before the administrative date of 30 days in responding to an order entered on August 1, 2007.

The Plaintiff has read such Memorandum and is still in disagreement with such order of dismissal.

The Plaintiff filed such complaint in good faith and clearly stated and emphasized that wrongful conduct occurred upon taking such a Defendant out of Default without the Defendant ever appearing to defend such default entry. The Defendant has been in Default well over six months and such lower court did received valid and affidavit of service of proof showing proper service upon the Defendant by displaying not one valid proof of signature of receiving such summons and complaint but two valid proof of

receipt in which the Office of the Clerk have on file two certified true green cards acknowledging proper service according the Federal Rules of Civil Procedures this is fairly enough to validate proper service.

The Plaintiff continues to stress on the record that such Defendant was too served by a legal third party as well validating proper service. Such Affidavit of service was never entered into the record because such presiding judge never entered an order requesting to validate proper service in accordance with the Federal Rules of Civil Procedures, Rule 4.

The Plaintiff did move for a Summary Judgment by Default based on the Default entered by the Office of Clerk and filed such proof to justify Summary Judgment by Default in an effort to protect the filing clerk in accordance with Federal Rules of Civil Procedures, Rule 56 (e) and in case if the Defendant appeared or responded late in an attempt to lately defend such summons and complaint served upon the Defendant.

The same rule in which the presiding judge tries to use against the Plaintiff in order cases when the Plaintiff has already validated why such complaint should not be dismissed by means of valid proof why such case should not be dismiss and in cases when the Defendants did enter an answer or response when the Plaintiff has once still validated reason why such case matter should not be dismissed. When a Plaintiff or Defendant has made their validation and their validation is clear then such complaint cannot be dismissed especially when the Plaintiff has provided substantial facts justifying why such case should not be dismissed. The Defendant too has that same right to produce and provide facts to justify why such case should be dismissed. If the Defendant cannot provided those substantial facts against the Plaintiff's complaint then such case cannot be

dismissed on the merged facts, speculation or allegations wishing and wanting such to be dismissed without facts. That's not proper and that is not within or in accordance with the Federal Rules of Civil Procedures and the ethic and logical meaning of law.

In this case before the Judicial Council the Plaintiff allegation however does provide grounds for actions against the subject judge. The Plaintiff clearly request for such case to be removed from the judge's chambers in disqualify the judge from ongoing activities on the case and request for such case to be assigned to the United States Court of Appeals for correction to the errors made and to amend such case for proper disposition and closures.

Once the case number is assigned in the United States Court of Appeals giving the Court of Appeals full jurisdiction rights in accordance to the United States Constitution, the Plaintiff will then move by filing such Motion Request to Enter Discovery since such Discovery being submitted will be discovery coming from a third party validating proper service and therefore Default should remain as it should have if only the presiding judge would have placed such an order requesting to validate proper service by respecting the first rule of the Federal Rules of Civil Procedures to be fulfilled. This did not happen and the Plaintiff should not bear the burden after paying for such expense to have someone served and such Defendant was served in accordance with the Federal Rules of Civil Procedures and such Affidavit of Service was completed validating that such Defendant is not an infant or an incompetent person. This should have been enough to perfect such Default.

Due to this error, it is not the responsibility of the Plaintiff to ask or request such. It is the sole responsibility of the Court to demand such through a valid order to advance through the proceeding in accordance with the Federal Rules of Civil Procedures.

Therefore, once the Plaintiff has received the proper paperwork from the United States Court of Appeals the Plaintiff will then satisfy proper service to have this case closed accordingly.

In accordance with and in pursuant to 28 U.S.C. § 352 (c) and D.C. Cir. JUD. Misconduct R. 5, the Plaintiff has now satisfied such requirement and now waits for such order transmitting such case over to the United States Court of Appeals for correction and closures.

Respectfully submitted,

Clemmons Estate
C/o Samuel Clemmons
Attn: C. Owens
P.O. Box 347
Brookhaven, MS 39602
866-409-7758